BOWMAN vs. BROWNING.

Where the defendant is sued for the value of cotton shipped by him under a contract, the plaintiff must prove a stipulation to carry the cotton to some place, or deliver it to some person, or dispose of it in some manner, and a breach of such stipulation.
Where a person has tortiously obtained the possession of the goods of another, and sold them and received the proceeds, the owner may elect to waive the tort, and affirm the sale and claim the price received; but for a mere detention of the goods, in such case, or a conversion of them, assumpsit will not lie to recover their value.

*Appeal from the Circuit Court of St. Francis County.*

S. W. WILLIAMS, for appellant.

BYERS and JORDAN, for appellee.

This cause was argued in this court before the Hon. C. C. SCOTT, Judge, and the Hon. THOMAS JOHNSON, Special Judge—the Hon. E. H. ENGLISH, Chief Justice, and Hon. T. B. HANLY, Judge, not sitting.

Mr. Justice Scott delivered the opinion of the Court.

This case was brought here by appeal from the St. Francis Circuit Court.

It was commenced before a justice of the peace, upon an open account, as follows, *to wit*:

"MAY 9TH, 1853.

### THOMAS R. BOWMAN,

To EDMOND A. H. BROWNING,                                    *Dr.*

| | |
|---|---:|
| For one bale of cotton, marked A. J. B., weighing in lint cotton 440 lbs., at 10c per pound, | $44 00 |
| For one bale cotton marked A. J. B. weighing 354 lbs., at 10c per pound, | 35 40 |
| | $79 40 " |

Upon a trial before the justice, judgment was rendered for the plaintiff, for the sum claimed; from which the defendant appealed to the Circuit Court, where, upon a trial, *de novo*, the jury found a verdict, and the court overruling a motion in arrest upon the ground that the case made out by the testimony, was not one within the jurisdiction of the justice, judgment was again rendered for the plaintiff for the same sum. The defendant then moved for a new trial, upon the ground that the verdict and judgment were without evidence to support them, and was against the law; and that the case was not within the jurisdiction of the justice, which the court overruled, and the defendant excepted, setting out all the evidence in his bill of exceptions, and appealed to this court.

From this it appears, that after the plaintiff had introduced evidence conducing to show, that at the date of the supposed accrual of the alleged liability, he had, on the bank of the St. Francis river, at the burnt mill landing, two bales of cotton,

marked, and of the weight as is specified in the bill of particulars, and that they, together with a large number of other bales of cotton, had been taken on board of a steam-boat, of which the defendant was, at that time, captain and owner, and had also proved the quality of his cotton, and the value of such, he introduced another witness, who testified, "that he, (the witness) some time previous to the taking of the cotton in controversy, as alleged, instructed Captain Bowman, the defendant, that there would be some cotton sent to the burnt mills landing for Browning, the plaintiff, and that he, (the witness,) as the agent of the plaintiff, *wanted him, Bowman, to take it away*, but that he did not know when said cotton would be at the river for shipment. That he, the witness, was afterwards told by Bowman, that he had taken a large lot of cotton from the burnt mills with various marks and brands, of which he took no memorandum, and taking all the cotton then there, but that said lot of cotton was claimed by Johnson and Seaborn, and that he thought he got no cotton for Browning."

This was all the testimony produced by the plaintiffs, and the defendant offered none at all.

It is stated in the bill of exceptions, that the court gave general instructions, but what these were does not appear, nor does it appear that any special instructions were either given or refused.

This being the whole case, as it appears in the record, it is impossible for us to know whether the jury found that the cotton in question was taken away under any supposed contract, or was merely tortiously taken away, or whether or not as to that point, any misdirection was given to them by the court. And supposing they found the former, then, waiving all other objections, the verdict and judgment are clearly without any support, by the evidence, in material points; because there is none at all to show any stipulation to carry the cotton in question to any place, or to deliver it to any person, or to dispose of it in any manner, or any breach of any such stipulations. The evidence going no

46c

further, as to any supposed contract, than that the defendant should take the cotton away, without any evidence to show further whither it should be taken, or to whom to be delivered, if to any one, or whether the defendant had been called to account, or had in any way broken the supposed contract, or any of its stipulations.

And if it be supposed that the jury found that the cotton was taken away under any contract, it will have to be considered that they disregarded so much of the evidence produced by the plaintiff himself as conduced to show that the defendant did not, in fact, take the cotton away, *as the cotton of plaintiff*, but as the cotton of *Johnson and Seaborn*, under authority from *them*, and therefore did not, in truth, in doing so, act under any authority from the plaintiff, or recognize any such, as an excuse for what would be otherwise a naked tort.

On the other hand, if it be supposed that the jury found the cotton *tortiously* taken away by the defendant, then it is equally clear, that the verdict and judgment cannot be sustained; because, the extent of the rule of waiving torts and bringing assumpsit, *is not* (as between the original parties,) *beyond the limit*, that if the wrong doer has sold the goods, and in any manner received the proceeds, so as to be chargeable as for money, the owner may elect to affirm such sale or disposition, and claim as his own the price so received. His title to the property entitling him to the price received for it, if he so elects, and, thus the wrong doer is considered as having received the money for the use of the owner.

But if there has been a mere detention of the goods, or a conversion of them, not going the length indicated, assumpsit will not lie to recover their value. *James vs. Hoar,* 5 *Pick.* 285; *Pritchard vs. Ford,* 1 *J. J. Marsh. Rep.* 543; *Wellitt vs. Wellitt,* 3 *Watts Rep.* 277; *Upchurch vs. Norsworthy,* 15 *Ala. Rep.* 705; *Crow vs. Boyd's adm.* 17 *Ala. Rep.* 51.

The judgment must be reversed and the cause remanded.