FRANK v. DUNGAN.

Opinion delivered October 21, 1905.

1. JUDGMENT—PRESUMPTION ON COLLATERAL ATTACK.—Under Const. 1874, art. 7, § 40, providing that justices of the peace have jurisdiction in matters of contract where the amount in controversy does not exceed $300, excluding interest, and in all matters of damage to personal property where the amount in controversy does not exceed the sum of $100, a judgment in the circuit court for $106 "for the unlawful conversion of money" will be presumed, on collateral attack, to be valid, as based on a matter of contract. (Page 600.)

2. GARNISHMENT—LIABILITY OF GARNISHEE.—An employee will not be required in garnishment proceedings to pay over to a creditor of his employee the amount of the latter's wages if at the time and after the service of the writ of garnishment the employee had collected and failed to pay over to the employer amounts in excess of his wages. (Page 601.)

3. TRIAL—MISLEADING INSTRUCTION.—A misleading and abstract instruction should not be given to the jury. (Page 602.)

Appeal from Pulaski Circuit Court.

EDWARD W. WINFIELD, Judge.

Reversed.

*Noel Loeb,* for appellant.

Garnishment proceedings based upon a judgment that is void for want of jurisdiction are also void. 2 Shinn, Attachments and Garnishments, § 660; 37 Ill. App. 393; 26 Ind. 441; 24 Ohio St. 481; 59 Texas, 3.

McCULLOCH, J. Appellees, Dungan & See, recovered judgment in the circuit court, on appeal from a justice of the peace, against Duke White for the sum of $114, and subsequently filed allegations and interrogations, and caused a writ of granishment to be issued and served on appellant, Aaron Frank, requiring him to answer in what sums he was indebted to said White, etc. Appellant answered the garnishment on the return day of the writ, stating that he had become indebted to said White in the sum of $42 for salary from the date of service of the writ of garnishment until the return day thereof, but that White had, during said period, become indebted to him (appellant) in a sum in excess of $42 for money collected by White, owing to appellant for laundry work, and that appellant was therefore not indebted

to White on or after the service of the writ in any sum. Appellees filed their denial of the truth of appellant's answer, and upon the issue thus made a trial was had before a jury, which resulted in a verdict and judgment for the plaintiffs. Appellant contends, first, that the circuit court was without jurisdiction to render the judgment in favor of appellees against White, and that the judgment, being void, could not support the garnishment proceedings against appellant.

The judgment and proceedings in the suit against White are not brought up in the record of this case, but at the trial below it was agreed that the judgment in favor of appellees against White for $114 was rendered by the circuit court on appeal from a justice of the peace in an action to recover "the sum of $106.46 for the unlawful conversion of money belonging to said plaintiffs, converting the same to his own use."

The Constitution of this State confers civil jurisdiction upon justices of the peace concurrent with the circuit court in matters of contract, where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest, and in all matters of damage to personal property, where the amount in controversy does not exceed the sum of one hundred dollars. Const. 1874, art. 7, § 40.

It has been held by this court that the last-named provision of the Constitution means all injuries which one may sustain in respect to his ownership of personal property, and that a justice of the peace has jurisdiction in all matters of damage resulting from the loss, conversion or destruction of personal property, as well as injury to it. *Stanley* v. *Bracht,* 42 Ark. 210; *St. Louis, I. M. & S. Ry. Co.* v. *Biggs,* 47 Ark. 59; *Park* v. *Webb,* 48 Ark. 293.

It is not shown in this record the manner by which White came into possession of the funds of appellees, whether rightfully or wrongfully; but in either event a contract to return would be implied, and upon this implied contract the plaintiff could elect to sue, instead of suing for the conversion. *Bowman* v. *Browning,* 17 Ark. 599; *Hudson* v. *Gilliland,* 25 Ark. 100; *Chamblee* v. *McKenzie,* 31 Ark. 155; 21 Enc. Pl. & Pr. p. 1022, and cases cited.

There are authorities holding that where the property has not been converted into money, the plaintiff cannot waive the

tort, and sue upon an implied contract, his only remedy being trover; but even in those cases there is found a distinction where "a contract may exist and at the same time a duty is superimposed or arises out of the circumstances surrounding or attending the transaction, the violation of which duty would constitute a tort." "In such cases," it is said, "the tort may be waived, and assumpsit be maintained, for the reason that the relation of the parties out of which the duty violated grew had its inception in contract. These relations are usually those of trust and confidence, such as those of agent and principal, attorney and client, or bailee and bailor." *Tuttle* v. *Campbell,* 74 Mich. 652.

So, in the case at bar there may have been an express agreement to return the money belonging to appellees, or there may have been a relation, arising out of the manner in which the defendant came into possession of the money, from which an agreement to return it was implied, and in either event appellees could waive the tortious conversion, and sue upon the contract. The kind of remedy adopted is not shown, further than as stated in the bill of exceptions that it was an action "for the unlawful conversion of money belonging to said plaintiffs," and, for aught that appears to the contrary in this record, an express contract to return the money, or facts from which the law would imply a contract to return it, may have been alleged and proved. We must indulge a presumption in favor of the jurisdiction of the court until the contrary appears.

Cases may be found in which it is held that jurisdiction cannot be enlarged by suing upon an implied contract, and waiving the tortious conversion of personal property, other than money; but we need not pass upon that question, inasmuch as the property converted was money belonging to plaintiffs, and, as we have stated, a contract to return may have been alleged and proved. We will not, therefore, disturb the judgment on this ground.

It is urged by counsel for appellant that the verdict is without evidence to sustain it, and also that the court erred in its instruction. We think that both these contentions are well taken, and that the judgment must be reversed on both grounds. It appears that the defendant, White, was employed by appellant at a salary of $14 per week as driver of a laundry wagon. His duties were

to deliver laundry and collect the accounts due appellant from his customers for laundry work. The total amount of the weekly accounts or laundry tickets against customers in his territory were charged to him when the packages of laundry were put in his possession for delivery to customers. He made settlement at the end of the week, in which he deducted from his collections the amount of his salary and paid the balance to appellant. The uncontradicted evidence shows that, at the time and after the service of the writ of garnishment in this case, the defendant White had collected and failed to pay over to appellant amounts in excess of his salary, and was, therefore, indebted to appellant. Under those circumstances appellant could not be required to pay over upon garnishment salary which he had agreed to pay White. He was not indebted to White, and had no funds in his hands belonging to White.

The only testimony relied upon by appellees to sustain a verdict was alleged contradictory statements made by appellant and Nelson Frank, a witness introduced by him, at a former trial. We do not, however, find those contradictions to be material, and neither of the alleged contradictory statements shows any indebtedness of appellant to White. There is no proof in the case that appellant was indebted to White at or after the service of the writ, and proof of contradictory statements does not render him liable for any part of appellee's judgment against White. The burden was upon them to prove that appellant was indebted to White, and that burden is not successfully borne by merely proving contradictory or unsatisfactory statements made by appellant and his agents as to his transactions with White.

The court instructed the jury that if the "charges made against the defendant White by the garnishee Frank were only conditional liabilities, which in fact did not mature, and not *bona fide* liabilities, then they were not such charges as could be claimed against the plaintiffs." This was erroneous. There was no evidence to support it, and, besides, the jury might have understood from it that appellant could not be allowed to deduct from White's salary laundry accounts against customers which he had failed to collect, and for which he was liable to appellant, merely because the accounts might be subsequently paid by the customers.

The judgment is reversed, and the cause remanded for a new trial.