## Dow *v*. State.

Opinion delivered January 20, 1906.

1. HOMICIDE—REFUSAL TO INSTRUCT AS TO LOWER DEGREE.—Refusal of the court, in a prosecution for murder, to instruct as to the offense of manslaughter was not error where there was no evidence in the case that would reduce the offense to manslaughter. (Page 467.)

2. SAME—PROVOCATION.—Mere words are not sufficient provocation to reduce a willful homicide to manslaughter. (Page 467.)

3. SAME—PASSION AS DEFENSE.—It is no defense to a charge of murder that the killing was committed under the influence of passion brought on without legal provocation. (Page 467.)

4. EVIDENCE—INVITED ERROR.—Where defendant, accused of murdering his wife, testified in his own behalf that he had never mistreated his wife, he can not complain that a witness for the State was permitted to testify that defendant's wife had complained to defendant in the witness' presence that defendant had abused her, and that defendant said nothing in reply. (Page 467.)

Appeal from Independence Circuit Court; WILLIAM L. MOOSE, Judge; affirmed.

*Dene H. Coleman,* for appellant.

The fourth instruction was erroneous, in that it was based upon a hypothesis for which there was no foundation in the evidence. 11 Enc. Pl. & Pr. 128; 54 Ark. 338; 8 Ark. 185; 57 Ark. 627; 16 Ark. 655; 36 Ark. 133; 42 Ark. 61; 48 Ark. 130; 49 Ark. 374; 70 Ark. 443; 71 Ark. 363. The tenth instruction was erroneous. The jury should be instructed to consider all the facts and circumstances tending to establish the question of provocation. 21 Am. & Eng. Enc. Law (2 Ed.), 179; 50 S. W. 381; 4 Tex. 200. In this case the question whether the wife's refusal to return home, or that of her father for her, was or was not sufficient provocation should have been left to the jury. 12 Cox, C. C. 145; 147 Mo. 79. Questions of fact are for the jury. Art. 7, sec. 23, Const.; 21 Ark. 214.

*Robert L. Rogers, Attorney General,* for appellee.

Riddick, J. This is an appeal from a judgment convicting the defendant, John Dow, of murder in the first degree, for killing his wife, Ella Dow, by shooting her.

The facts in brief are that John Dow and his wife, Ella Dow, who were negroes, lived at or near Batesville. The parents of Ella Dow lived near Sulphur Rock, in the same county. Some short while before the killing, Ella Dow had abandoned her husband and returned to the home of her parents.

The witnesses for the State say that on the 4th day of April, Dave Peel, his wife, Priscilla Peel, his young daughter, Viola Peel, a son-in-law, Owen Kennedy, and Ella Dow, his daughter, the wife of defendant, left their home and started toward the depot. They had gone but a short distance when they met the defendant, John Dow. He had with him a shotgun and a Winchester rifle. He asked them where they were going, and they told him. He then said to his wife: "Ella, get your clothes and let's go home." She declined to do so. Some few more words passed when his father-in-law, Dave Peel, said to him: "John, you were here yesterday, drawing your knife and making your threats; and if you do it again today, I will have you arrested." The defendant made no reply to this, but said to his wife, "You are not going to live with me any more?" and she said "No." Defendant then threw up his shotgun, and fired at her. He then shot his father-in-law. Both shots took effect, but neither of the

parties were killed. His wife, in company with her young sister, ran up the railroad track. Defendant followed them, and his wife, seeing that she could not escape by flight, turned and came towards him with her hands up. He then shot her through the breast with the Winchester rifle, and when she fell to the ground fired another bullet through her head, producing instant death. He then shot at the fifteen-year-old sister. Afterwards he shot himself two or three times, but the wounds were not fatal. He and the other parties, except his wife, recovered.

The defendant testified in his own behalf that he went to Sulphur Rock to go hunting with one Fred Waugh; that Waugh had no gun, and he took the extra gun along for Waugh's use. He met his wife and the other parties. We quote his own words as to what followed: "I said, 'Good morning, wife; do you want to go home this morning?' and before she could say anything Mr. Peel said 'No, by God; she isn't going a step. I am going to take your God damn scalp!' and I said, 'Mr. Peel, I didn't come for any trouble, and don't mean to have any.' He started toward me with his hand in his pocket like he was going to bring out a revolver or some other deadly weapon, and Owen Kennedy caught him, and said, "You are wrong. Suppose some one would take your wife, and keep her. You know white folks would string you up.' And he turned around to me, and said, 'I mean every word I say.' I started back to Sulphur Rock down the road I first came, and he followed behind a short distance. He was very close to me, and I started go around the fence, and the road led up the lane, and I started to turn, and he started to fire. The bullet did not break the hide. That deafened me, and I fell to my knees. I proceeded to try to get up again, and I got a blow on this shoulder. I fell back and caught on my hands, and the next lick I got was a blow right here, and that is all I know about it. I never knew any more after I got that lick."

But this statement of the defendant that Dave Peel, his father-in-law, had made an assault upon him was contradicted by every witness on the part of the State at that time. All of these witnesses testified that the defendant met them armed with a shotgun and rifle, and that Dave Peel had no weapon and made no assault.

The motion for new trial sets out the errors relied on for

reversal. Those exceptions, not brought forward in the motion for new trial, are waived, and will not be noticed.

The first ground set out in the motion for new trial is that the court erred in refusing to give three instructions asked by the defendant. The instructions relate to the offense of manslaughter; but, even if they were correct, it is not error to refuse them under the evidence in this case, for there is no evidence in the case that would reduce the offense to manslaughter. It is well settled that mere words are not sufficient provocation to reduce a willful homicide to manslaughter, and no witness in the case testified that the wife of defendant did anything except refuse to go home with him. The court correctly instructed that no provocation on the part of his father-in-law would justify him in taking the life of his wife; and, even if defendant's testimony was true, there was no other legal provocation.

There was some evidence that the defendant, at the time he shot his wife, was laboring under temporary insanity, but counsel for defendant did not ask for any instruction on that point, and the evidence convinces us fully that he was not insane, further than any one who is laboring under great passion may be said to be insane; but passion of that kind, brought on without legal provocation, is no defense at law against the crime of homicide, and the court properly so held. *Vance* v. *State,* 70 Ark. 272.

If he was not insane, and the evidence, we think, shows that he was not, he was certainly guilty of willful and deliberate murder. While the charge of the court, taken as a whole, is not quite as clear as as it might have been,. we see nothing in it that could have prejudiced the rights of the defendant.

The defendant testified in his own behalf that he had never mistreated his wife, that he worked for her, and was devoted to her. The State was allowed to prove by the witness Yancey that the defendant and his wife had lived on his place, and to ask him if defendant beat his wife. Yancey replied that he could not say of his own knowledge; that he heard a noise where defendant and his wife were; that witness went there, and defendant's wife complained in his presence that he had abused her, and defendant said nothing. In view of the evidence introduced by defendant as to his relations with his wife, and that the separation between them was caused by her parents, we think this

evidence was proper. If testimony relating to his prior treatment of his wife was improper, defendant can not complain, for he raised the issue by introducing testimony to the effect that he had never mistreated his wife, and that her parents were the cause of the separation. If there was error in such testimony, it was invited by the defendant.

Counsel for appellant has in his brief argued this case with much earnestness and force, but we can not agree with him that the evidence does not support the verdict. On the contrary, we are clearly of the opinion that the verdict was right. The evidence is very convincing to us, and we see nothing that would justify us in disturbing the judgment. It is therefore affirmed.