### KINSLOW v. STATE.

#### Opinion delivered February 24, 1908.

1. VENUE—REFUSAL TO PERMIT AMENDMENT OF MOTION.—It was not error to refuse to permit appellant to amend his motion for a change of venue, where the motion which was filed appeared to be in proper form, and where appellant did not state in what respect he wished to amend it. (Page 517.)

2. SAME—CREDIBILITY OF SUPPORTING AFFIANTS.—It was not an abuse of the trial court's discretion to refuse a petition for a change of venue where the supporting affiants admitted that they had only been in one locality in the county, and did not know whether the persons with whom they talked about the case were inhabitants of the county. (Page 518.)

3. APPEAL—PRESUMPTION.—Where a motion for continuance does not appear in the record, it will be presumed that the trial court did not err in overruling such motion. (Page 518.)

4. HOMICIDE—ABSTRACT INSTRUCTION.—It was not error in a murder case to refuse to give any instructions upon the subject of perma-

nent insanity if there was no evidence adduced at the trial tending to show that defendant was permanently insane. (Page 518.)

5. TRIAL—ARGUMENT.—It was not error in a murder case to refuse to exclude the following remarks of the prosecuting attorney: "It grieves and shocks us when this is strangers, but think, gentlemen of the jury, think if it was you, and your wife made a widow and your children orphans." (Page 518.)

6. EVIDENCE—RELEVANCY.—Where the defense in a murder case was that defendant was so drunk at the time of the killing that he did not know that he had killed any one, it was not error to refuse to permit defendant to ask a witness whether he believed that defendant intended to kill him, and not deceased. (Page 519.)

7. HOMICIDE—REFUSAL TO CHARGE AS TO MANSLAUGHTER.—Where, under the undisputed facts in a murder case, defendant was either guilty of wilful and deliberate murder, or was insane, and therefore innocent of crime, it was not error to refuse to charge the jury as to manslaughter. (Page 519.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

Dave Kinslow was indicted for the crime of murder, committed by killing one Kent.

He petitioned for a change of venue on the ground that the minds of the inhabitants of Garland County were so prejudiced against him that he could not obtain a fair and impartial trial therein. The motion was supported by the affidavits of John Brown and Nathan Harper. The court caused them to be examined under oath concerning their knowledge of the subject-matter of their affidavits, in order to ascertain whether they were credible. The examination showed that they had not talked with any persons touching the case outside the city of Hot Springs, and that they did not know whether the persons with whom they talked about it there were inhabitants of the city or county or visitors. The court found that they swore recklessly, and were not credible. The defendant asked to amend his motion for a change of venue, but did not state in what respect he wished to amend it. The court refused his request, and overruled his motion for a change of venue. The defendant saved his exceptions.

The testimony shows that the killing occurred about ten or eleven o'clock at night in a saloon in Hot Springs. The par-

ties do not appear to have known each other until the night of the killing, and both appear to have been drinking—to what extent, the witnesses differ. One of the witnesses for the State testified that the first thing he noticed was that defendant was cursing deceased, who was an old man, and calling him vile names. That he told defendant he must stop. That there would be a dead negro, if he heard him make any more remarks of that kind to a white man. That defendant went out of a side door by the side of the ice box. That deceased walked back toward the ice box, and that the next thing he saw defendant cut deceased's throat. That there was but one lick made, and that then defendant ran away.

Other witnesses testified substantially the same, except they did not hear defendant curse deceased, but all agree that he walked up to the ice box behind deceased, and cut his throat, and then ran out of the saloon.

Defendant testified that he had no recollection of the killing; that he was drunk that night; that the next morning he found himself out on the mountain; that some little girls told him that the officers were after him, and that a negro had killed a white man the night before. Defendant borrowed a dollar from them, and left, going through the woods to Malvern, where he hid until discovered and captured by the officers. Defendant said that for five years he had been addicted to the use of laudanum and morphine to ease pains in his head; that he was so drunk on the night of the killing that he had no recollection of the killing.

Other witnesses testified that he appeared to be drinking some that night, but was not drunk. The jury returned a verdict of guilty of murder in the first degree. Defendant has appealed.

*J. D. Page* and *Scipio Jones,* for appellant.

1. If the supporting witnesses to the motion for change of venue were not sufficiently acquainted with the people in the county to form an intelligent conclusion as to the state of feeling existing at the time of the trial, appellant ought to have been permitted to amend his motion and obtain other supporting witnesses. It was error to refuse the amendment.

2. Appellant should have been permitted to question the witness Wilson as to statements he had previously made different from and contradictory of his testimony on the witness stand. It was competent for impeachment purposes. Kirby's Digest, § 3138.

3. Although the sixth instruction given for the State finds apparent support in the Casat case, 40 Ark. 511, yet in the general charge in that case the jury were told that they might consider the fact of drunkenness in determining the intent with which the act was done and the degree of the crime; and if he was so drunk as to be unable to form a specific intent to kill, then he was not guilty of murder in the first degree. In that case the evidence shows the specific intent to kill formed before defendant became intoxicated, while here there is no such evidence. Appellant was entitled to an instruction to the effect that, unless the jury found that the specific intent to take life was formed beforehand and carried out with deliberation, they should acquit of murder in the first degree. The test of responsibility is whether or not the accused was, at the time, rendered incapable of forming an intent and exercising a deliberation and premeditation which was necessary to the commission of the crime. Wharton on Homicide, § 547. See also 1 Bishop, New Crim. Law, § 409; 12 Cyc. 174; 24 L. R. A. 555; 8 L. R. A. 33; 36 L. R. A. 465.

4. The language of the prosecuting attorney was prejudicial, and it was error to permit it.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

There is no error in the record. The court fully instructed the jury on the question of drunkenness as an excuse for crime.

HART, J., (after stating the facts.) 1. The defendant assigns as error the action of the court in overruling his motion for a change of venue, and in refusing to allow him to amend the same. The motion appears to have been in proper form, and, besides, defendant did not state in what respect he wished to amend it. This he should have done in order that the court might be advised as to what it had to pass upon. Its materiality

could not appear unless the facts upon which it was based were set out.

It was not an abuse of discretion to refuse a petition for a change of venue where the supporting affiants admitted that they had only been in one locality in the county, and did not even know whether the persons with whom they had talked about the case were inhabitants of the county. *White* v. *State,* 83 Ark. 36.

2. Defendant objects that the court overruled his motion for a continuance. The motion does not appear in the record, and the presumption is that the action of the court was correct.

3. The defendant assigns as error the refusal of the court to give instructions number one and two asked by him. These instructions were on the subject of permanent insanity as a sufficient excuse for crime. There was no error in this, for there was not sufficient testimony upon which to predicate such instructions. There was no testimony adduced at the trial tending to show permanent insanity. The instructions asked for were therefore abstract.

The refusal to give instructions not applicable to any facts in proof is proper; for such instructions only serve to confuse and mislead the jury. *Ark. & La. Ry. Co.* v. *Stroude,* 82 Ark. 127; *Beavers* v. *State,* 54 Ark. 336; *Terry* v. *Clark,* 77 Ark. 567; *Frank* v. *Dungan,* 76 Ark. 599.

The testimony adduced only tended to show insanity at the time of the killing, caused by whisky or drugs, and this phase of the subject was fully covered by the court in its instructions.

4. Defendant assigned as error the refusal of the court to exclude from the jury the remarks made by the prosecuting attorney as follows: "It grieves and shocks us when this is strangers, but think, gentlemen of the jury, think if it was you and your wife made a widow and your children orphans."

It has been often held that counsel in their argument are not to be held to a bald recital of the evidence, unadorned with any of the embellishments of oratory. The remarks of the prosecuting attorney were evidently made to impress upon the jury the enormity of the offense by personal illustration. It may be said that its effectiveness for the purpose intended has become

dulled by constant repetition. In any event the court does not think there was prejudicial error in not excluding the remarks from the jury.

5. Appellant assigns as error the refusal of the court to permit the witness Wilson to answer the following question asked him on cross-examination by the defendant: "Q. Have you stated to different people that you thought he killed the wrong man, that you thought he intended to kill you?" This was not error. The question was not asked for the purpose of impeaching the witness, but was asked for the purpose of ascertaining whether or not the witness believed that defendant intended to kill him, instead of the deceased, and was not competent for that purpose; for the whole defense is predicated upon the idea that defendant was so drunk at the time of the killing that he did not know that he had killed anyone.

6. Appellant contends that the court erred in modifying the 5th instruction asked by him. The modification consisted in not telling the jury that they should consider whether or not he was guilty of manslaughter.

The trial court should in no case indicate an opinion as to what the facts establish; but in properly giving the law the court must of necessity determine whether there is any evidence at all to justify a particular instruction. *Jones* v. *State,* 52 Ark. 345; *Allison* v. *State,* 74 Ark. 444. Refusal of the court in a prosecution for murder to instruct as to the offense of manslaughter was not error where there was no evidence in the case that would reduce the offense to manslaughter. *Dow* v. *State,* 77 Ark. 464. Under the undisputed facts in this case, the defendant was either guilty of wilful and deliberate murder, or was not guilty of any crime, for the reason that he was insane at the time of the killing.

The evidence in the case is sufficient to sustain a verdict of murder in the first degree, and, finding no prejudicial error in the record, the judgment is affirmed.