## BRADSHAW *v.* STATE.

### Opinion delivered June 20, 1910.

1. HOMICIDE—FAILURE TO INSTRUCT AS TO MANSLAUGHTER.—Failure to instruct as to manslaughter in a prosecution for murder was not error where no instruction as to manslaughter was asked. (Page 411.)

2. SAME—FAILURE TO INSTRUCT AS TO MANSLAUGHTER.—Where, under the undisputed evidence, in a murder case, defendant was either

guilty of murder or insane, it was not error to refuse to instruct as to manslaughter. (Page 411.)

3. SAME—INSTRUCTION AS TO PASSION DETHRONING WILL.—It was not error in a murder case to instruct the jury "that the defendant can not avoid responsibility for killing the deceased on the ground that it was done under the influence of such passion as temporarily dethroned his reason or for the time controlled his will." (Page 411.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; affirmed.

*R. G. Harper* and *Thos. W. Hardy,* for appellant.

Instructions should be harmonious, else they are calculated to confuse and mislead the jury. 55 Ark. 397; Sackett, Inst. to Juries, 25; 89 Ark. 217. An instruction not applicable to the evidence is erroneous. 90 Ark. 573.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

The testimony of the witnesses as to the dying declaration was competent and admissible. 68 Ark. 355; 75 Ark. 142; Wharton on Hom., 971.

HART, J. A. L. Bradshaw was indicted by the grand jury of Union County for the crime of murder in the first degree. He filed a petition for a change of venue, which was granted, and the cause was sent to the circuit court of Columbia County for trial. He was there tried and convicted of murder in the second degree, his punishment being fixed by the jury at a term of five years in the State penitentiary. From the judgment rendered Bradshaw has duly prosecuted an appeal to this court.

On the 5th day of November, 1907, A. I. Watson married Victoria Bradshaw, the daughter of appellant, in Union County, Arkansas, and they lived together until she was killed about the 1st day of February, 1908. Prior to their marriage appellant said that if his daughter married Watson he would kill her. The shooting occurred on Saturday afternoon, between dusk and dark, and the deceased lived until the following Tuesday morning about 10 o'clock. The deceased, her husband and his brother, Jim Watson, were in a wagon going home. When in about 300 yards of home, appellant ran out from the side of the road, and said, "Stop!" They did not stop, and appellant said,

"I told you I was going to kill you, and now I am going to do it." He then commenced to shoot with a 32 Winchester rifle. One of the shots took effect in his daughter's left shoulder. She was carried home and lived until the following Tuesday as above stated. The appellant sought to excuse the killing on the ground of insanity, and evidence was introduced to establish this defense.

The court gave all the instructions asked by appellant on this issue, and no ground of reversal is urged on that account. The appellant does claim, however, that the court erred in giving the following instruction:

"The court tells the jury that the defendant can not avoid responsibility for killing the deceased on the ground that it was done under the influence of such passion as temporarily dethroned his reason or for the time controlled his will."

His counsel insist that the instruction was misleading, in the absence of a proper instruction defining manslaughter. No instruction on manslaughter was asked by the defendant. Moreover, there is no evidence in the record that would reduce the offense to manslaughter. If appellant was not insane, then under the undisputed evidence he was guilty of murder. In such a case it is not error to refuse to instruct as to the offense of manslaughter. *Dow* v. *State,* 77 Ark. 464; *Kinslow* v. *State,* 85 Ark. 514, and cases cited.

The instruction, when considered in connection with the other instructions given by the court, was proper as distinguishing passion from insanity. *Williams* v. *State,* 50 Ark. 518.

Counsel for appellant also insist that the judgment should be reversed "because the court erred in permitting Will Flourney to testify as to the condition of the deceased, Victoria Watson, when he swore her and wrote down her dying declaration." Flourney testified that, on the Monday afternoon following the shooting, he reduced to writing the statement of deceased as to the killing, and that she did not think she could get well. The statement itself was not introduced in evidence, and the witness did not testify as to what was contained in it. Hence under no view of the matter could any prejudice have resulted to the rights of appellant. The undisputed evidence shows that appellant shot and killed the deceased. His only defense was that he was insane when he committed the act. The case was sub-

mitted to the jury under proper instructions, and the evidence clearly warranted the verdict.

The judgment will be affirmed.