## CAMPBELL *v.* STATE.

### Opinion delivered April 9, 1917.

1. APPEAL AND ERROR—MOTION FOR CONTINUANCE—FAILURE TO SET OUT IN RECORD.—Where a motion for a continuance does not appear in the record it will be presumed that the trial court properly overruled the same.

2. LIQUOR—SALE—SUFFICIENT EVIDENCE.—The evidence held sufficient to warrant a verdict of guilty of the illegal sale of liquor.

Appeal from Nevada Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The testimony is conflicting, but the verdict of the jury is conclusive. 104 Ark. 192; 103 *Id.* 4; 101 *Id.* 51; 100 *Id.* 330.

There is no error in the record.

HART, J. Appellant prosecutes this appeal to reverse a judgment of conviction for selling intoxicating liquors.

(1) One of the grounds of his motion for a new trial is that the court erred in overruling his motion for a continuance. The motion does not appear in the record, and the presumption is that the action of the court was correct. *Kinslow* v. *State,* 85 Ark. 514.

The only remaining ground in appellant's motion for a new trial is that the evidence is not sufficient to support the verdict.

(2)   A witness testified that he twice bought a pint of whiskey from appellant on the Saturday night before the third Sunday in June, 1916, at his residence in Nevada County, Arkansas, and each time paid him seventy-five cents therefor.   Another witness testified that he was with the defendant when he bought one of the pints of whiskey.   The constable of the township and another person testified that they were in hiding near by and saw the witness purchase the whiskey from appellant, as testified to by him.   The appellant testified in his own behalf, and denied that he sold the witness any whiskey, and stated that the witness came to his house to get some matches, and to ask him to go to a dance with him.

The testimony of the witnesses for the State was sufficient to warrant the verdict, and the judgment will be affirmed.