## HILL v. FIRST NATIONAL BANK OF MALVERN.

### Opinion delivered May 28, 1917.

1. AGENT—WRONGFUL ASSUMPTION OF AUTHORITY.—One who assumes to contract for another without authority, is liable in an action upon the express or implied contract made by the assumed agent, that he has authority so to contract; or, in other words, upon the express or implied warranty of authority.

2. PRINCIPAL AND AGENT—ASSUMPTION OF AUTHORITY—DRAWING CHECK.—F. and H. were partners, both had funds in appellee bank. A difference arose between F. and appellee, and F. gave to H. a blank check on the appellee bank, duly signed, requesting H. and the bank to agree on the amount F. owed the bank, and authorizing H. to fill in the check and deliver it to the bank. The agreement was reached, it appearing that F. owed the bank a certain sum, with a balance over in the bank to F.'s credit. H. filled in the amount in the blank check and delivered it to the bank. H. then drew a check in the bank's favor for the amount of F.'s deposit remaining in the bank, signed F.'s name and received the money thereon. This last transaction was without F.'s authorization, and was repudiated by F. Held, the bank had a cause of action against H. to recover the money wrongfully paid to him.

3. JUSTICES OF PEACE—JURISDICTION—ACTION ON BREACH OF WARRANTY OF AUTHORITY.—The cause of action of the appellee bank against H. as recited in the preceding syllabus, held to be an action for breach of an implied contract of warranty concerning the authority of H. to act for another as agent, and was not one for tort. The suit might have been one for tort, but plaintiff had the right to elect to sue upon the implied contract.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*H. B. Means* and *Wm. R. Duffie,* for appellants.

1. The justice had no jurisdiction and the circuit court acquired none on appeal. The action was *ex delicto,* and the amount involved, $236.81, is beyond the jurisdiction of the justice. 41 Ark. 476; 47 *Id.* 59; 66 *Id.* 346; 79 *Id.* 172.

2. There was error in the admission and rejection of evidence. The check was payable to the bank, or order, and was not admissible. Parol testimony was not admissible to show that the money was paid to Hill. McDonald's evidence was not admissible and the court also erred in refusing to admit the records of the Hot Spring Circuit Court. Hill was not a "party" to this "prior" suit. It was error to reject the evidence offered to prove that Fowler did not have $236.81 to his credit in the bank. This should have been admitted to the jury, etc.

3. Hill did not exceed his authority to act as agent for his principal, if he signed the check. The agent is not liable to a third person and the court should have so instructed the jury. The presumption is that the agent acts within the scope of his authority. 100 Ark. 132; 25 *Id.* 219.

*W. Morton Carden* and *E. H. Vance, Jr.,* for appellee.

1. The court had jurisdiction. Appellee waived its right to sue in tort and sued *ex contractu* for breach of the implied contract of warranty concerning the authority of defendant to act for another as agent. 76 Ark. 598 and cases cited; 101 Ark. 79; 127 Ark. 149; 25 Ark. 100; 50 Ark. 426; Pomeroy on Remedies, § 568; 93 Ark. 392; 2 *Id.* 238; 48 *Id.* 188; 17 *Id.* 599; 25 *Id.* 100; 31 *Id.* 155; 21 Enc. Pl. & Pr. 1022.

2. The check was certainly admissible in evidence. It was the best evidence.

3. McDonald's testimony does not vary or contradict the check. It tended to prove the written contract, and that appellant did receive appellee's money, on the check.

4. The bank was forced by suit to pay Fowler the amount of the check. This was not denied in the pleadings and hence is admitted. 73 Ark. 344; 80 *Id.* 65, 561; 88 *Id.* 410. But if incompetent it was not prejudicial. 78 Ark. 7; 84 *Id.* 325; 66 *Id.* 800.

5. The pass book of Fowler was not relevant to show whether or not appellant wrongfully obtained the money.

6. There is no error in the instructions, given or refused. 83 Ark. 395, 322, 425; 71 *Id.* 361. The case was properly submitted and there is legal evidence to support it.

McCULLOCH, C. J. The plaintiff, First National Bank of Malvern, instituted this action before a justice of the peace of Hot Spring County against defendant, H. J. Hill, to recover the sum of $236.81, an amount alleged to have been received by defendant from plaintiff on a check drawn by defendant in the name of G. W. Fowler. It is claimed that defendant assumed to act for Fowler in drawing the check, but was not, in fact, clothed with any such authority, and that subsequently Fowler recovered judgment against plaintiff for the amount paid to defendant Hill on the draft. The cause was appealed to the circuit court and a trial there before a jury resulted in a judgment in favor of plaintiff.

Fowler and Hill were, or had been, partners engaged in business in Malvern and carried their partnership account with plaintiff bank. Fowler also had a personal account at the bank, but a short time before the occurrence now under consideration Fowler transferred his banking business to another bank in Malvern. Some personal

feeling arose between Fowler and the officials of plaintiff bank, and the latter requested Fowler to come to the bank for the purpose of settlement or adjustment of a disputed item. Fowler declined to go to the bank on account of the ill feeling between him and the officers, but sent Hill and gave him a blank check, which he had signed, with instructions to fill in the amount when the disputed item was adjusted. Hill went to the bank with the blank check, and, after the adjustment of the disputed item, filled in the amount and turned the check over to the bank. This, according to the contention of the bank officials, left a credit on Fowler's account of the sum of $236.81, and they say that Hill drew another check for that amount and signed Fowler's name to it, and that they cashed the check and paid over the proceeds to Hill.

The check in question was drawn on plaintiff bank and made payable to its own order, and the name of Fowler was signed to it. The testimony adduced by plaintiff tended to show that Fowler's name was signed to the check by Hill, and that the amount named in the check was paid over to Hill. Hill denies those statements. He says that he does not remember signing the check and that he did not receive the money. The evidence shows that subsequently Fowler repudiated the transaction and brought suit against plaintiff and recovered judgment for the amount paid out on the check.

(1) The court in appropriate instructions submitted to the jury the issues whether or not Hill signed the check and presented the same to the bank and received the money on it. The jury found that he did so, and that renders him liable to the bank for the money wrongfully procured upon the unauthorized check. His liability rests upon his wrongful assumption of authority, which had not, in fact, been conferred upon him by the person in whose name he acted. The rule is aptly stated to be "that one who assumes to contract for another without authority is liable in an action upon the express or im-

plied contract made by the assumed agent, that he has the authority so to contract; or in other words, upon the express or implied warranty of authority." *Haupt* v. *Vint*, 68 W. Va. 657, 34 L. R. A. (N. S.) 518.

(2) It is contended that the court erred in permitting the check to be introduced in evidence and in permitting McDonald, the cashier of the bank, to testify that the sum of money named was collected by the bank on the check. It was a part of plaintiff's case to introduce the check in connection with the other testimony in the case to establish the assumed authority of Hill in drawing the check in the name of Fowler, and no rule of evidence was violated in allowing the witness to testify. Notwithstanding the fact that the check was payable to the bank itself, the money was, in fact, paid over to Hill. This does not, as contended by counsel for defendant, constitute an attempt to vary the terms of the written instrument. Even though the check was payable to the bank itself, if Hill assumed authority to act in the name of Fowler, and drew the check in the latter's name, and collected the money, he would be liable for it, since it turned out that he had no authority from Fowler to act for him in this respect. Hill did not claim in the trial below that he had any authority from Fowler, his defense being that he did not sign the check or receive the money, and those issues have been settled against him by the verdict of the jury upon sufficient evidence.

It is next contended that the court erred in refusing to permit defendant to introduce Fowler's original pass book to show that Fowler did not have that much money to his credit at the time. That was immaterial matter for the reason that if Hill wrongfully drew the check and received the money on it, he is liable, notwithstanding the fact that the money was paid out on an overdraft.

No objection seems to have been made by defendant to the instructions given by the court, but the record shows that defendant asked the court to instruct the jury

orally that "if H. J. Hill was acting as the agent of G. W. Fowler in dealing with the bank, and the fact of his agency was known to the bank, then Hill was not liable to the bank personally." The instruction was properly refused, for it ignored the real issues in the case, whether or not Hill exceeded his authority and wrongfully received the money on the check. It is undisputed that the bank had knowledge of the fact that Hill was assuming to act as Fowler's agent, but the real point is that Hill, according to the contention of the bank officials, had no authority from Fowler to act.

(3) The final contention is that the court was without jurisdiction for the reason, it is claimed, that this is an action sounding in tort for the recovery of money wrongfully received, and that the amount is beyond the jurisdiction of a justice of the peace, which, in suits of this kind, is limited to amounts not exceeding $100.00. This is not, however, an action to recover for the tort, but it is one for breach of the implied contract of warranty concerning the authority of defendant to act for another as agent. The suit might have been one for tort, but plaintiff had the right to elect to sue upon the implied contract. *Frank* v. *Dungan*, 76 Ark. 599.

The cause was correctly tried below and the record is, so far as we can discover, free from prejudicial error. The judgment is, therefore, affirmed.