St. Louis, Iron Mountain & Southern Railway v. Heath.

St. L., I. M. & S. Railway v. Heath.

1. COMMON CARRIER: *Obligations as to freight.*

   A common carrier is bound to deliver freight at its destination with reasonable expedition. A delay of seventy days, unexplained, is unreasonable.

St. Louis, Iron Mountain & Southern Railway v. Heath.

2. JUSTICE OF THE PEACE: *Jurisdiction ex delicto.*
"Matters of damage to personal property" in section 40, Art. VII. constitution of 1874, means all injuries which one may sustain in respect to his ownership of personal estate.

3. COMMON CARRIER: *Form of action against: Jurisdiction of J. P.*
An action against a common carrier for breach of contract for the carriage and delivery of goods may be in form *ex contractu* or *ex delicto.* But the law applicable and the measure of damages are the same in both classes of action; and in either form a justice of the peace has jurisdiction to hear and determine the cause.

APPEAL from *Lawrence* circuit court.
Hon. R. H. POWELL, Circuit Judge.

*Dodge and Johnson* for appellant.

1. The justice had no jurisdiction to try the case. *Sec. 40, Art. VII, p. 29, Const. 1874.*

2. There is no allegation that the damages alleged ever grew out of, or arose from or by virtue of any contract expressed or implied. The complaint must state all facts necessary to give jurisdiction ; there can be none by intendment. *34 Ark., 532 ; 36 Ib., 272.*

3. There is no allegation that any demand was ever made, and until demand and refusal to deliver, no right of accrued. *Cooley on Torts, p. 452 ; 1 Addison on Torts, sec. 471.*

*W. F. Henderson* for appellee.

This suit might have been brought *ex contractu* for breach of contract to deliver the goods, or *ex delicto* for violation of public duty. *B. & O. R. R. Co. v. Pumphrey, 59 Md., 390.*

The justice had jurisdiction in either event. *Moreland v. Condry, 40 Arks.* And there being no bill of exceptions setting out the evidence, the presumption is that the judgment is right.

SMITH, J. Heath sued the railway company a before a justice of the peace for $100, damages alleged to have been sustained by him by reason of the detention of certain goods

**1. COMMON CARRIER.**
Must deliver freight in reasonable time.

of his.   To his complaint he attached his bill of lading,. from which it appeared that the company had received the goods to Cairo, in Illinois, and had undertaken to trans- fer them to Walnut Ridge, in Arkansas.   The plaintiff alleged that the defendant's servants had negligently carried the goods beyond their place of destination, in consequence of which they were not delivered to him for a period of seventy days.   The defendant was duly summoned, but did not appear in the justice's court.   There was a judgment by default, from which the defendant appealed to the circuit. court.   There its appeal was dismissed for the want of prosecution, and it has appealed to this court.

The only question is whether the complaint sets forth a. cause of action within the jurisdiction of the justice.

The obligations which the law imposes upon a common carrier are not only to deliver at its destination the property received by him, but he must deliver, or be ready to deliver· with reasonable expedition.   *Cooley on Torts, 640* ; *Addi- son on Torts, 3rd Ed., 464.*

A delay of seventy days is unreasonable unless explained,. and renders the carrier liable to an action for damages in some court.

**2. Jurisdic- tion of J.P. ex delicto.**   By the present constitution (*Art. VII, sec. 40*), justices· of the peace have exclusive jurisdiction in all matters of contract, and concurrent jurisdiction in all matters of dam-- age to personal property, when the amount in controversy does not exceed one hundred dollars.   By "matters of damage to personal property" we understand all injuries which one may sustain in respect to his ownership of per- sonal estate.

**3. Form of action**   In suing a common carrier for the breach of a contract for the carriage and delivery of goods, the action may be, in· form, either *ex contractu* or *ex delicto*.   The plaintiff may bring assumpsit, counting upon the nonperformance of the· agreement which the defendant made with him ;. or he may

bring case and count upon the violation of the public duty which the defendant owes. But the same law is applicable to both classes of action and the measure of damages is the same in both. *B. & O. R. R. Co. v. Pumphrey, 59 Md.,. 390.*

It is wholly immaterial whether this be regarded as an action upon a contract, or an action for a tort. In either case the justice had jurisdiction to hear and determine the cause. But if it were material we should not reverse the judgment in the present state of the record, if by any proof that might have been adduced on a trial it was possible for the plaintiff to show that he was entitled to recover. *Dicus v. Bright, 23 Ark., 110; Moreland v. Condry, 40 Id. 78.*

Affirmed.