Little Rock, Mississippi River & Texas Railway v. Manees.

LITTLE ROCK, MISSISSIPPI RIVER & TEXAS RY. V. MANEES.

JUSTICE OF THE PEACE: *Jurisdiction ex delicto: Criterion of damages.*
   A justice of the peace has no jurisdiction of an action for damages ex-
      ceeding one hundred dollars; and the damages claimed by the plaintiff
      furnish the criterion of jurisdiction.

APPEAL from *Drew* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*J. M. Moore* for appellant.

The parties had no jurisdiction of the action. The Con-
stitution expressly limits the jurisdiction in such actions
to cases involving one hundred dollars or less. *Art. 7,
sec. 40, subdiv. 2.*

SMITH, J. This was an action for $125, for the value of
a horse alleged to have been killed by the appellant's train.
The action was begun before a justice of the peace. The
plaintiff recovered $125. The defendant appealed to the
Circuit Court, where a judgment was rendered against it
in the sum of $100, and this appeal taken.

By *section 40, of article 7, Constitution of 1874*, the juris-
diction of justices of the peace in all matters of damage
to personal property is expressly limited to cases where
the amount in controversy does not exceed $100.

In actions sounding in damages, the damages that are
claimed by the plaintiff furnish the criterion of jurisdiction.
*Murphy v. Howard, Hempst., 205; Lafferty v. Day, 7 Ark.,
258; State v. Scoggin, 10 Ib., 326; Culver v. Crawford
County, 4 Dillon, 239; Lee v. Watson, 1 Wallace, 337; Burr
v. Bayne, 10 Watts, 299; Howell v. Milligan, 13 Ark., 40.*

It follows that the justice of the peace had no jurisdiction of the plaintiff's demand, and the Circuit Court acquired none by appeal. *Latham v. Jones, 6 Ark., 371; Pendleton v. Fowler, Ib., 41; Levy v. Shurman, Ib., 182; Collins v. Woodruff, 9 Ib., 463.*

The judgment below is vacated, and the cause is dismissed.