## St. L., I. M. and S. Ry. v. Briggs.

JURISDICTION: *Of J. P. for damages to personal property.*
   Justices of the peace have concurrent jurisdiction in all matters of damage resulting from the loss, conversion or destruction of personal property, as well as from injury to it, when the amount in controversy does not exceed one hundred dollars.

APPEAL from *Craighead* Circuit Court.
Hon. W. H. CATE, Circuit Judge.

*Dodge & Johnson* for Appellant.

The justice had no jurisdiction. Section 40, Article 7, Constitution of 1874, provides that justices of the peace "shall have original jurisdiction in the following matters:" 1. Exclusive of the circuit court in all matters of *contract* up to $100. 2. Concurrent, in all matters of damages to personal property not in excess of $100.

This not being an action on contract, express or implied, cannot therefore come under the first clause of the above section; nor can it come under the second clause, for the action is not for damages to personal property, but is for a tortious conversion of the same. *Bowman v. Browning, 17 Ark., 600; 31 Ark., 159; 2 Greenl. Ev., sec. 108; 34 Ark., 427; 36 Id., 272; 1 Taunt., 112; 5 Pick., 290.*

St. L., I. M. & S. Ry. v. Briggs.

The evidence in this case shows clearly that Crawford & Co. had bought this wood and defendant company had used it.

Crawford & Co. owed the plaintiff the $2 per cord, under his contract. How then could he recover from this defendant?

We may assume that the defendant did use the wood, but the evidence shows they got it from Crawford & Co., their contractors, and Crawford & Co. bought it from plaintiff.

His action should have been against Crawford & Co. Hence there was no evidence to sustain the verdict.

BATTLE, J. P. D. Briggs sued the St. Louis, Iron Mountain and Southern Railway Company before a justice of the peace of Craighead county, upon an account for thirty-three cords of wood at two dollars per cord. Judgment by default was rendered in favor of plaintiff against the defendant by the justice of the peace, for the full amount of the account, and defendant appealed to the circuit court.

In the trial in the circuit court, plaintiff testified that he delivered thirty-three cords of wood on the right of way of defendant, at two dollars a cord, amounting to sixty-six dollars; that defendant used the wood by burning it in its engines on the road; that he contracted to deliver the wood to W. D. Crawford, and he, Crawford, agreed to pay two dollars a cord therefor; that he supposed Crawford was a contractor; that he never had a contract about wood with any one else; and that he has never been paid for the wood.

W. D. Altman testified that Crawford was and is not an agent or officer of defendant.

The court instructed the jury, among other things, that if they found that Crawford was not an agent or officer of defendant, but was an independent contractor, buying wood from plaintiff and selling it to defendant, they should find for defendant.

The jury returned a verdict in favor of plaintiff against defendant for sixty-six dollars.

The defendant filed a motion for new trial which was overruled, and it appealed.

The appellant insists that the justice of the peace had no jurisdiction of the subject matter of the action, "because the evidence disclosed the fact that there was no contract, express or implied, between plaintiff and defendant, and admitting that there is evidence tending to show a taking of the wood by defendant, such taking was a tortious taking, and the justice having no jurisdiction the circuit court could acquire none by appeal." *1. Jurisdiction: Of J. P. for damages to personal property.*

By the present constitution of this state, justices of the peace have concurrent jurisdiction "in all matters of damage to personal property where the amount in controversy does not exceed the sum of one hundred dollars." This court in construing this clause of the constitution, in *St. Louis, Iron Mountain and Southern Railway Company v. Heath, 41 Ark., 478,* said: "By 'matters of damage to personal property' we understand all injuries which one may sustain in respect to his ownership of personal estate." This construction is undoubtedly correct. It follows, then, that justices of the peace have concurrent jurisdiction in all matters of damage suffered by reason of the loss, conversion or destruction of personal property, as well as injury thereto, where the amount in controversy does not exceed one hundred dollars.

It is wholly immaterial whether this suit be regarded as an action upon a contract, or for a tort, as in either event the justice of the peace had jurisdiction. Appellant does not complain that it was taken by surprise by the evidence introduced, or that it was not fully apprised of the cause of action before the trial, but, on the contrary, it appears was well prepared to defend.

The verdict was contrary to the instructions of the court and the evidence, and should be set aside.

The judgment of the court below is reversed, and this cause is remanded with directions to the court to grant defendant a new trial.