## PARKS & CO. v. WEBB.

1. JURISDICTION: *Of J. P. for conversion.*
   Justices of the peace have jurisdiction of actions for damages for the conversion of personal property where the amount claimed does not exceed $100.

2. MORTGAGE: *Cropper's interest in the crop.*
   A share cropper who has the right to have a share of the crop when made, set apart to him as wages, or to assert a lien on the crop for their payment, has such an interest in the crop as is subject to mortgage, and under the act of March 11, 1875, the legal title will vest in the mortgagee as soon as the cropper's right to his share has become perfect, and he may maintain an action for its conversion.

3. SAME: *By cropper without landlord's consent.*
   The provision in section 4452, Mans. Dig., invalidating a mortgage made by a cropper of his interest in the crop, without the written consent of the landlord, is intended for the protection of the landlord, and not as an absolute restraint upon alienation by the tenant or cropper. He may, notwithstanding the act, mortgage his interest subject to the statutory rights of the landlord, and without his consent.

APPEAL from *Franklin* Circuit Court.
Hon. G. S. CUNNINGHAM, Judge.

*Ed. H. Mathes*, for appellants.

1.   A mortgage of an undivided interest iu a "share crop" is void.  *32 Ark., 435; 34 ib., 179, 687.*

The labor act of 1883, prohibits one who labors for a portion of the crop from mortgaging it without the landowner's consent.  *Mansf. Dig., sec. 4452.*

2.   The justice had no jurisdiction, as the action was for conversion.  *Art. 7, sec. 40, Const. 1874; 41 Ark., 476.* Appellee had no title to any particular part of the undivided cotton composing the bale.  *16 Ark., '90; 34 ib., 93.*

In order to maintain an action for conversion, the plaintiff must prove property in himself and the right of possession at the time of the conversion.  *44 Ark., 108.*

This could not be considered as an action for money had and received to plaintiff's use; there was no privity of contract between the parties.  *36 Ark., 575.*

*U. M. & G. B. Rose*, for appellee.

It is the obvious intention of *sec. 4452, Mansf. Dig.*, that the mortgage, when not indorsed by the landlord, shall be void only as to him.  It is for the protection of the landlord, and not of third persons.  But this question does not properly arise here; for considerations moving from the share cropper and the appellee, the landlord assumed to take care of the mortgaged property, and to deliver it to the mortgagee.  In such cases no question as to the validity of the mortgage can be raised.  *47 Ark., 301.*

A mortgagee, after default especially, is the owner of the property as against everyone except the mortgagor,

and can maintain an action for its conversion. *29 Ark.*, *575; 41 ib., 285; Jones on Ch. Mort., sec. 490.*

See, also, *Freeman on Cot. and Par., 1st Ed., sec. 307.*

COCKRILL, C. J.   This action was begun by the appellee against the appellants before a justice of the peace to recover damages for the conversion of a one-half interest in a bale of cotton.   On appeal to the circuit court he recovered $27.50, the amount claimed.

It is urged that the justice had no jurisdiction of the cause of action.

Justices of the peace have jurisdiction among other causes, where the amount in controversy does not exceed $100, in all matters of damage to personal property. *Art. 7, sec. 40, Const. 1874.*   This clause has been construed to mean all injuries which one may sustain in respect to his ownership of personal property, and includes damages for conversion. *St. L., I. M. & S. Ry. v. Briggs, 47 Ark., 59.*

But it is argued that the plaintiff did not prove that he was the owner of the property.   He was the mortgagee in an instrument covering the cotton which had been duly acknowledged and filed for record.   His mortgagor was a share cropper whose only interest in the crop of cotton when the mortgage was executed, was the right to have a share of the cotton, when made, set apart to him as his wages or to assert a lien on the crop for their payment. *(Mansf. Dig., sec. 4445).*   The bale of cotton in dispute was purchased by the appellants from the cropper's landlord, the latter informing them at the time of purchase that one-half belonged to him and the other to the share cropper, or to his mortgagee, the appellee.

The argument is that the mortgage was void (1st), because the mortgagor had nothing to mortgage at the time the instrument was executed; and (2d), that if he had an

*[margin note: 1. JURISDICTION of J. P.: For conversion.]*

*[margin note: 2. Mortgage of cropper's interest in crop,]*

interest in the cotton, the mortgage is invalid under the statute, because the consent of the landlord to its execution was not obtained.

1. It was recently explained and reasserted, in. *Hammock v. Creekmore, ante.*, that a cropper on shares, with such rights as the mortgagor had here, may mortgage his contingent interest in the crop to be raised; and since the act of March 11, 1875, when there is anything *in esse* for the mortgage to take hold upon—that is when the cropper's right to his share has become perfect, the legal title vests in the mortgagee (*Beard v. State, 43 ib., 284*), and he may maintain an action for the conversion of the property covered by the mortgage. *Jarrett v. McDaniel, 32 ib., 598; Meadow v. Wise, 41 ib., 285.*

It was clearly proved that the cotton in question had been set apart by the landlord as the mortgagor's, and was actually sold by him as such. The mortgagee's rights had then attached and the appellants purchased subject to the mortgage.

3. SAME: Land-lord's consent.

2. The statute relied upon as invalidating the mortgage, after providing that the landlord shall have a lien for certain purposes upon the laborer's interest in the crop without the necessity of a written contract, reads as follows: "And in such cases no mortgage or conveyance of any part of the crop made by the person cultivating the land of another shall have validity unless made with the consent of the employer or owner of the land or crop, which consent must be indorsed on such mortgage or conveyance." *Mansf. Dig., sec. 4452.*

This provision is from the act designed to regulate the landlord and labor system. It defines certain rights of the two classes and undertakes to protect each against imposition by the other. No other end is aimed at. It cannot be said to be the intention of the act to place the ten-

ant under the tutelage of the landlord, or to grant to the latter any paternal power of care or control over him. The prohibition then against a conveyance or mortgage must have been intended only as a protection to the landlord and not as an absolute restraint upon alienation by the tenant or laborer. The latter has the power, notwith-standing the act, to enjoy the fruits of his labor by anticipation if he sees fit, to the same extent that the landlord has, and without consulting him. The laborer has a lien on the crop produced to protect his interest (*sec. 4445*) and he can do no act by sale or mortgage to prejudice the statutory rights of the landlord; but when their respective interests in the crop are settled by agreement, as was done in this case, and the laborer's property specifically designated, a stranger cannot be heard to raise the objection that the landlord had not consented to the laborer's contract of sale or mortgage. It is then a matter of no concern to the landlord and his consent is immaterial.

The appellants wholly denied the appellee's right to any part of the property, their acts amounted to a conversion, and the action against them was properly maintained. *Bertrand v. Taylor, 32 Ark., 470; Hammock v. Creekmore, sup.*

Affirm.