THOMPSON *v*. WILLARD.

Opinion delivered April 15, 1899.

JUSTICE OF THE PEACE — JURISDICTION — TORT.—Under constitution of 1874, art. 7, § 40, providing that justices of the peace shall have "concurrent jurisdiction in all matters of damages to personal property where the amount in controversy does not exceed the sum of one hundred dollars," a justice of the peace has no jurisdiction of an action for conversion of a horse in which the damage claimed is seventy-five dollars for the conversion and thirty dollars for the unlawful detention. (Page 347.)

Appeal from Hempstead Circuit Court.

RUFUS D. HEARN, Judge.

*James H. McCallum*, for appellant.

The justice of the peace had no jurisdiction, since the amount in controversy was over $100. Sand. & H. Dig. § 4317, note 2. For meaning of phrase "all matters of damage to personal property," as used in the statute, see 41 Ark. 478; 42 Ark. 210; 47 Ark. 59; 48 Ark. 293. The total amount claimed or involved is the test. 7 Ark. 258; 13 Ark. 40; 44 Ark. 100; 45 Ark. 346; 47 Ark. 59; 48 Ark. 293; 62 Ark. 209.

*D. B. Sain*, for appellee.

The $75 claimed as the value of the mare was the criterion of jurisdiction. 44 Ark. 100; 45 Ark. 346; 10 Ark. 326. The justice had jurisdiction of any amount up to the limit of value of property prescribed by the constitution, and for whatever damages are due plaintiff. Sand. & H. Dig. § 6350; 33 Ark. 816; 36 Ark. 651; 39 Ark. 246; 45 Ark. 295; 57 Ark. 527.

BATTLE, J.  This action was instituted by Willard against Thompson, before a justice of the peace, to recover damages for the unlawful detention and conversion of a mare, the property of the plaintiff. After alleging in his complaint that the mare belonged to him, and was sold by Thompson without his con-

sent, and without any order of court or authority of law, he said, "I therefore ask judgment against the said Floyd Thompson for seventy-five dollars for the conversion of said mare, and the sum of thirty dollars for damages for the detention of said mare." Did the justice of the peace have jurisdiction of the subject-matter of this action?

The action is for a tort, the unlawful conversion of a mare. The amount of damage claimed is seventy-five dollars for the conversion, and thirty dollars for the unlawful detention, making one hundred and five dollars, the total amount demanded. Under the constitution of this state (art. 7, § 40), justices of the peace have concurrent jurisdiction with the circuit courts "in all matters of damage to personal property when the amount in controversy does not exceed the sum of one hundred dollars;" that is to say, "in all matters of damage resulting from the loss, conversion, or destruction of personal property, as well as from injury to it, when the amount in controversy does not exceed one hundred dollars." *St. L., I. M. & So. Ry. Co.* v. *Briggs,* 47 Ark. 59; *Same* v. *Heath,* 41 Ark. 476. The amount in controversy is the sum demanded. *Little Rock, Mississippi River & Texas Railway* v. *Manees,* 44 Ark. 100. The amount demanded in this case is one hundred and five dollars. Consequently, the justice of the peace had no jurisdiction. The fact that any part of the amount demanded cannot be recovered will not give the justice of the peace jurisdiction, because he is without jurisdiction to so determine. *Trammell* v. *Russellville,* 34 Ark. 105.

The justice of the peace having no jurisdiction, the circuit court acquired none by appeal.

The judgment of the circuit court is, therefore, reversed, and the action is dismissed.