## STORM *v.* MONTGOMERY.

### Opinion delivered May 28, 1906.

1. CONTRACT—CONSTRUCTION.—It is the province of the court to construe an unambiguous contract. (Page 175.)

2. JUSTICE OF PEACE—JURISDICTION IN TORTS.—A complaint in a suit before a justice of the peace by a landlord against a tenant, alleging that the tenant had abandoned the leased premises and sold buildings thereon to another, and seeking to recover damages therefor, is based on a tort; and if the sum claimed as damages exceeds $100, the justice of the peace is without jurisdiction, and the circuit court acquires none on appeal. (Page 175.)

Appeal from Lawrence Circuit Court; *Frederick D. Fulkerson,* Judge; reversed.

#### STATEMENT BY THE COURT.

This action was begun before a justice of the peace by the appellee filing the following complaint, omitting caption:

"The plaintiff, Susan Montgomery, states that she is the owner of the following property, towit:" Here the complaint

describes certain real estate, and continues: "Upon the above described property several buildings were located; that the plaintiff leased said buildings and grounds to the defendants, a copy of said lease being herewith filed and asked to be made a part hereof; that defendants have abandoned said property, and sold said buildings to Chas. Coffin, the garnishee herein, at and for the sum of $150; that said sale was wholly without authority; that said defendants are seeking to convert the sum above mentioned to their own use; that defendants have collected $100 on said sale; that by reason of said sale the defendants are indebted to the plaintiff in the sum of $150; that it is a just claim; that she ought, as she believes, to recover the sum of $150; that the said J. C. & F. J. Storm are non-residents of this State. Wherefore she prays that a warning order issue for the defendants; that a writ of garnishment issue for Chas. Coffin, the garnishee herein; that she have judgment for $150, for costs, and all other proper relief."

No written answer was filed, either in the justice or circuit court. But it appears from the evidence that appellants admitted the sale of certain buildings on the land described in the complaint, but claimed the right "to do so under their contract of lease with appellee."

The lease under which appellants claimed the right to make the sale, after setting out the consideration and describing the land, contained the following recital: "In addition to the foregoing, the terms of rental are as follows, towit: Whereas, the said J. C. Storm and F. J. Storm propose operating a factory on said premises for the manufacture of ax handles and similar products of wood, now, if said factory shall be operated for a period of three years, then this rental shall be valid for that period, but not longer, upon the payment to me of $1.00 per annum. But if the said J. C. & F. J. Storm shall remove the machinery and building from said land, or shall abandon, or fail to operate the same before the expiration of said period, then this contract shall be terminated, and the right of possession shall revert to me or my heirs or assigns, and at the termination of said rental, said J. C. Storm and F. J. Storm shall have the right and privilege of removing from said land such buildings and their contents, as they may at times have located thereon."

Other evidence, documentary and oral, was adduced, but it is unnecessary to set it out, as the right of appellee to maintain this action, if she can maintain it at all, must rest upon the terms of the written lease executed by her to appellants.

The court instructed the jury as follows: "In this case the plaintiff, Montgomery, has sued the defendants, Storm Brothers, for the value of certain buildings which were located on land belonging to plaintiff. The question for you to determine is whether or not defendants had a right to remove this property, or whether it belonged to plaintiff, Mrs. Montgomery. The issues are not many ·and very simple. If you believe from the evidence in this case that at the time the written contract was made, which states that defendants should have the right and privilege of removing from said land said buildings and their contents as they may at that time have located thereon, or that that was understood between the parties making that contract at the time to mean only such [as] the defendants should put there themselves, then your verdict should be for the plaintiff in this case; but, if the understanding and agreement at that time was that that clause, which I have read to you, was understood to be all the property situated on the lands, including these buildings, then your verdict should be for the defendants, Storm Brothers. The burden of proof is on the plaintiff to show by a preponderance of the evidence these facts. The preponderance of testimony means the greater weight of testimony should be on the part of plaintiff. That [is] it takes a little more evidence in the scale of justice on the side of the plaintiff than it does on the defendant. Weigh the testimony under the rules I have given you so often. If you find them for the plaintiff, the form of your verdict should be," etc.

The jury returned a verdict in favor of appellee for $150. Judgment was entered accordingly, and this appeal prosecuted.

*W. E. Beloate,* for appellants.

If this is an action for conversion, the justice is without jurisdiction, as the amount is over $100. 47 Ark. 59; 48 *Id.* 293. A destruction of premises by tenant is but a trespass, and the justice is without jurisdiction. 38 Ark. 454; 53 *Id.* 131. The only difference between waste and trespass is that the former is

committed by one rightfully in possession, and the latter by a stranger. 18 Am. Dec. 350. This is not an action *ex contractu,* though attempted to be brought as a contractual action. It is founded simply upon a tort. 8 L. R. A. 189; 48 Ark. 302. It is not necessary to plead want of jurisdiction. 45 Ark. 346. Under the lease appellants had the right to remove the buildings.

*H. L. Ponder* and *John W. & Joseph M. Stayton,* for appellee.

This is simply an action upon the implied contract of appellants to pay over the price they sold appellee's property for. 4 L. R. A. 22. A building is *prima facie* a fixture. 73 N. E. 595; 91 N. Y. S. 503; 82 S. W. 240. Ewell on Fixtures, p. 22; 66 Ark. 90. Appellants contend that the buildings were trade fixtures and subject to removal. But they recognized the fact that these buildings were fixtures when they accepted a lease which stipulated that the only buildings which they were to have an interest in were those erected by themselves upon the land.

WOOD, J., (after stating the facts.) The contract of lease was unambiguous, and the court should have construed same. No objection, however, was raised to the instruction of the court directing the jury to ascertain whether or not under the contract appellants had the right to remove the buildings, for the price of which the appellee sued. As the verdict of the jury was in accord with the plain terms of the contract, it should stand, provided the court had jurisdiction.

To ascertain whether or not the court had jurisdiction, we must look to the allegations of the complaint. As the complaint alleges an abandonment of the property by appellants, they were thereafter no longer tenants of appellee, and this can not be regarded as a suit for the waste of the property, as appellants sold the buildings on the premises of appellee and authorized another to enter upon same; if appellants had no authority to make the sale, they were joint tort-feasors with the one whom they authorized to enter and who did enter and remove the buildings.

The complaint alleges a sale of the buildings of appellee by appellants and a conversion of the proceeds of such sale to their own use. It will be seen from this allegation that appellants treated appellees' buildings as personalty or trade fixtures,

and sold same as their property. This therefore must be considered a suit for the conversion of property. As the amount claimed exceeds the sum of $100, the justice of the peace was without jurisdiction, and the circuit court acquired none. Const. art. 7, § 40; *St. Louis, I. M. & S. Ry. Co.* v. *Briggs,* 47 Ark. 59; *Parks* v. *Webb,* 48 Ark. 293.

The case of *Frank* v. *Dungan,* 76 Ark. 599, cited by counsel for appellee to sustain the contention that this is a suit upon an implied contract, has no application. In this case the complaint does not show any contract relation between appellants and appellee, either express or implied. On the contrary, it is shown that there was no such relation.

Whether the complaint be treated as a suit for trespass or conversion, the justice of the peace was without jurisdiction. The judgment is therefore reversed, and the cause is dismissed without prejudice.