[No. 6856.]

## MEADOR v. CULLISON ET AL.

1. TENANTS IN COMMON—*Conversion by One*—Under the .statute (Rev. Stat. sec. 3603) one tenant in common may have an action against his co-tenant for the conversion of the chattel held in common—(175).

2. ——*What amounts to a Conversion*—Plaintiffs held a chattel mortgage upon the interest of defendants' tenant in a crop of beets. To save the crop it was necessary that the beets should be gathered in certain months. Plaintiff applied to defendant for permission to enter and gather the ½ of the crop covered by the mortgage. Defendant's refusal of the request and denial of plaintiff's right is a conversion—(177).

Plaintiff recovers the value of the tenants interest after deducting the cost ·of harvesting and making delivery—(176, 177).

3. LEASE—*Construed*—Defendant leased 15 acres of his plantation to one·Cronk. Cronk afterwards executed a chattel mort-

gage of his interest in the crop, to the plaintiff, describing the. land.. The mortgage, following the description, contained a provision to the effect that is such description was not correct the mortgage should cover all crops raised by Cronk in the county; during the season. *Held* that the latter clause was without effect in the absence of evidence of any falsity or insufficiency in the description set down in the mortgage—(177, 178).

4.   ——*Partial failure by tenant in his covenants—Effect—*A lease of lands for the cultivation of beets provides among other things · that the lessee shall harvest and deliver the crop at a certain. factory.  His failure to comply with this covenant has not the effect to obliterate his interest, or vest it in the lessor, in the absence of any express provision to this effect—(175).

5.  CHATTEL MORTGAGE—*Of Farm Products by Lessee*—A lessee of lands may effectually chattel mortgage his interest in the crop—(176).

6.  INSTRUCTIONS — *Misleading* — An erroneous instruction which may have induced the jury to award excessive damages is fatal error—(178).

*Error to Otero County Court.*—HON. E. W. MC-DANIEL, Judge.

Mr. H. M. MINOR, for plaintiff in error.

Mr. O. F. SHELDON, Mr. G. M. DAMERON, for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was brought before.a justice of the peace to recover damages for the conversion of a half interest in a crop of beets on which the plaintiffs held a chattel mortgage.  Upon appeal judgment was rendered in favor of the plaintiffs.

There are no written pleadings.  The evidence shows that the defendant leased to one Cronk fifteen acres of ground for the season of 1908, on which to raise a crop of sugar beets.  The defendant was to furnish the land, water to irrigate it, the team and farm implements

with which to cultivate, harvest and deliver the crop. Each was to furnish one-half the seed, or rather it was to be furnished by the factory, to be paid out of the beets. Cronk was to do all the work in preparing the ground, planting the seed, irrigating, cultivating, thinning, digging, topping and delivering the beets to the sugar factory at Rocky Ford; after the deduction for the seed each was to have one-half of the money received for the beets. On December 2nd, 1908, after the crop had matured but was still in the ground, Cronk, for value, gave to the plaintiffs his note; to secure its payment he gave them a chattel mortgage on his interest in this beet crop. Cronk delivered to the factory the beets gathered from two or three acres; the money less that retained for the seed, was delivered to the defendant who divided it equally between the mortgagee and himself. Cronk failed to harvest or deliver the remainder of the crop; upon account of which there arose a disagreement between the plaintiffs and the defendant as to what should be done. There is evidence to the fact that the defendant refused to furnish Cronk teams and wagons and other implements necessary to harvest and deliver the same. There is also evidence that Cronk failed and refused to deliver the beets to the factory when demanded, or at all, as he had agreed to do. Also, there is evidence that the defendant refused to allow the plaintiffs to go upon the land to gather or deliver the one-half of the beets purported to be covered by the mortgage. This refusal was under the theory that Cronk had no interest therein, for the reason that he had not complied with his contract in delivering them to the factory and had abandoned them; upon account of which the defendant claimed that he appropriated them to his own use and benefit.

· The giving of one instruction necessitates a reversal of the judgment, but we have thought it proper to consider other questions necessary to be determined upon another trial.

· The plaintiff in error contends, that at common law such a contract as this creates the relation of tenants in common in the crop, and that one tenant in common cannot sustain an action of conversion against his co-tenants; that if the defendants in error secured an interest in the beet crop by virtue of their chattel mortgage, they also became tenants in common with him and for that reason could not maintain this suit. It is unnecessary to decide this question for the reason that if they were tenants in common, general section 3603, Revised Statutes, 1908, provides that where one of the parties assumes and exercises exclusive ownership over or takes away, destroys, lessens in value, or otherwise injures or abuses any property held in joint tenancy, tenancy in common or co-parcenary, the other may maintain an action for its conversion.

Complaint is made to the admission of the note and chattel mortgage in evidence. We find no error in this respect. There is evidence to establish that at the time of the execution of the note and mortgage, Cronk had an interest in the beets mortgaged and that he was in possession of them. The fact that the contract provided that all the beets should be planted, sliced, topped and delivered to the factory by Cronk and that he failed so to do as to all of them, does not and did not oust him of either title or possession under the provisions of the lease. We so held in *Bradford v. Roberts*, 46 Colorado, involving the language of a written lease; at page 333, we said, in substance, that the lease did not purport to and did not create a lien in favor of the lessor for the value of

this work which they may have been required to do, because of the alleged breach. The same principle is applicable here. Had the defendant desired that the title to the entire crop be vested in him at all times until the tenant had complied with the terms of his lease, he should have so provided in his contract. Not having done so, and there being no statute making such claims a lien, we are of opinion that he stands in the same position as any other creditor of Cronk's having his cause of action in damages for his breach of contract. A chattel mortgage by a leasee of a farm on his share of the crops raised thereon, is valid.—*Ambuehl v. Matthews*, 41 Minn. 537; *Parks & Co. v. Webb*, 48 Ark. 293; Jones on Chattel Mortgages, (5th Ed.), sections 445-490.

Complaint is made to the giving of instruction No. 6, the portion complained of is, in substance, to the effect that if the defendant refused permission to the plaintiffs to enter the field of beets for the purpose of gathering their interest, that the plaintiffs were entitled to recover the value of the mortgagee's interest in the beets in the field; but, on the other hand, that if the defendant offered to permit the plaintiffs to enter said field for the purpose of harvesting said beets and the plaintiffs refused to do so, or neglected to do so in a reasonable time, that the plaintiffs' measure of damages would be the value of said mortgagee's interest in the beets harvested and delivered, less the expense of harvesting and delivering; said value and expenses to be determined by you from the evidence in the case. It is claimed that this was error for the reason that the plaintiffs' mortgage debt was not due until the 16th of January, 1909, (two days before the bringing of the suit) and that there was no evidence in the record that it was necessary for the plaintiffs to take possession of the beets before the maturity of the mortgage debt,

consequently, plaintiffs had no right to the possession of the beets under their mortgage until the maturity of the debt, and if they made a demand prior thereto, it was premature. We cannot agree with this contention. The evidence of the defendant is to the effect that it was necessary, in order to properly protect the crop, to harvest it in October, November or December and that upon account of a failure thereof he was materially damaged, the crop was perishable. Likewise, the defendant made claim of ownership to the entire crop and for this reason, if none other, under the provision of the mortgage the plaintiffs were entitled to possession and had the right to make the demand when they did. The same reasons apply to instruction No. 7 which is upon the same subject.

By instruction No. 8 the jury was told, in substance, that the mortgage introduced in evidence was a valid and subsisting lien on the entire interest of the mortgagor, J. W. Cronk, in the beets raised by Cronk on the farm of the defendant during the year 1908. The evidence shows that the fifteen acres of beets covered by the mortgage were not all the beets raised by Cronk upon the defendant's farm during the year 1908, but that he raised five acres of beets in addition to the fifteen acres, that these five acres were under a contract made between Meador and the sugar company whereby Meador was to raise these five acres for the company which Cronk raised for him; that Cronk fed a portion of these beets to his stock but that the defendant thereafter, under the claim that Cronk had abandoned them the same as he had the others, appropriated the remainder of them to his own use. There is a clause in the mortgage, after referring to the fifteen acres, which states, "It is understood if the description of the land herein described is not correct that this mortgage shall cover all beets raised by said party of the

first part during the season of 1908 in Otero county, Colo." There was no evidence showing that the description of the fifteen acres was not correct or that it was not sufficiently identified; neither is there any evidence tending to show that there was any question or dispute pertaining to the description of the fifteen acres.

Under this state of facts this instruction was not only erroneous, but misleading, and we cannot say that the jury may not have awarded to the plaintiffs damages upon account of a part of these beets raised upon the five acres admittedly appropriated by the defendant; when all the evidence is considered, the amount of the judgment would so indicate, if so it included an amount for something to which the plaintiffs were not entitled and for something which Cronk probably could not have recovered as the evidence shows that the defendant evidently had sufficient offsets to defeat any recovery by Cronk.

This was prejudicial to the rights of the defendant, for which reason the judgment is reversed and the cause remanded for a new trial.          *Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.