### Yazoo & Mississippi Valley Railroad Company *v.* Altman.

#### Opinion delivered June 11, 1917.

1. WAREHOUSES—GOODS SHIPPED—INCOMPLETE DELIVERY.—Where the consignee of goods shipped refused to accept the same and they were returned to appellant carrier's warehouse, the appellant became a warehouseman, and, as such, had no right to abandon the goods or to convert them to its own use.

2. WAREHOUSES—LOST GOODS—LIABILITY.—The nondelivery by a warehouseman, of goods held by him, upon demand, in the absence of any explanation of their loss by fire, or theft, or in any other manner consistent with the exercise of ordinary care over the goods, makes a *prima facie* case against the warehouseman.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Fink & Dinning,* for appellant.

1. The company was liable, if at all, only as a gratuitous bailee. The burden was on appellee to show gross negligence. 76 Atl. 890; 101 N. E. 114; 42 Ark. 200; 101 *Id.* 75; 54 N. H. 535; 18 Wis. 471; 50 N. Y. 121; 4 R. C. L. 760; 19 Cal. 166; 17 L. R. A. 685; 29 Pac. 861; 24 Am. Dec. 143.

2. No negligence of appellant was shown, but on the contrary acts of negligence on the part of the consignee and his agent are sufficient to account for the loss. 6 Corp. Jur. 1122; 101 Ark. 75.

3. If the shipment was returned with the consent of the agent of the company, he was acting beyond the scope of his authority and in violation of the rules of the company, and his act was *ultra vires.* 42 Ark. 200; 55 *Id.* 510; 191 S. W. 210, 214; 122 U. S. 79.

*Bevens & Mundt,* for appellees.

1. This is the second appeal in this case. 124 Ark. 490. The law was there settled. The case was tried anew under instructions requested by appellant covering every theory advanced by it. The verdict has settled all the issues.

2. This court has settled that there was no delivery to appellee, and appellant was liable as a warehouseman. It owed the consignee the duty to take care of the goods and not to abandon or convert them to its own use. 90 Ark. 524; 39 *Id.* 487; 124 *Id.* 494; 6 Cyc. 474. A *prima facie* case was made, of loss by negligence, and this was never overcome or explained. 17 Fed. 905; 62 Cal. 174.

Smith, J. The opinion upon the former appeal in this case is found reported in 124 Ark. 490. Upon the remand of the cause it was heard upon substantially the same evidence as that recited in the former opinion, except that a few points were developed in greater detail.

The cause was submitted to the jury under instructions as favorable to appellant as it could ask, and no exceptions were saved to these instructions, and no objection is now urged against any of them, it being now

only insisted that the evidence is insufficient to sustain the verdict in appellee's favor for the value of the goods sued for.

(1) The litigation arose over the loss of two cases of shoes consigned to appellee, which the testimony shows he had refused to receive because of the delay in their shipment. Appellee had advised appellant's agent that he would not receive the shoes, yet they were taken to his store, but were returned to appellant's warehouse. The return of the goods is not denied, although the evidence is conflicting as to whether this was done with the consent and knowledge of appellant's agent. The verdict of the jury, under the instructions, is conclusive of the fact that there was no completed delivery of the goods to appellee, and, this being true, appellant, under the circumstances, became a warehouseman, and, as such, had no right to abandon the goods or to convert them to its own use. *Yazoo & Mississippi Valley R. R. Co.* v. *Altman*, 124 Ark. 490; *C., R. I. & P. Ry. Co.* v. *Pfeifer*, 90 Ark. 524.

Upon the trial from which the first appeal was prosecuted, a verdict was directed in favor of appellee, and this judgment was reversed by us because, as we there said, the undisputed testimony did not show that a delivery to appellee had not been made. Appellee had so testified, but he was a party to the litigation, and we said there were inferences arising from other testimony which were not altogether in accord with his. But a jury has now passed upon the conflicts in the evidence which we there said existed, and this has been done under instructions which correctly declared the law, and we must treat as settled the fact that no delivery of the goods was made to appellee. Upon investigation, appellee concluded that he would be required to accept the shoes notwithstanding the delay, whereupon, after having allowed the shoes to remain in the warehouse for ten days or two weeks, he offered to accept them, but no delivery was thereafter made.

(2) The nondelivery of the goods upon demand, in the absence of any explanation of their loss by fire, or theft, or in any other manner consistent with the exercise of ordinary care over them, made a *prima facie* case against appellant company. The only proof tending to show what the railroad did with the goods after their return to the warehouse was that they were seen in a part of the warehouse devoted to consignees whose names commenced with the letter "S," but such proof does not overcome the *prima facie* case arising from an unaccounted for loss of goods, and we think the jury was warranted, under the circumstances, in finding that the loss of the goods was due to appellant's negligence. See the opinion on former appeal and cases there cited.

The judgment of the court below is, therefore, affirmed.