Jonesboro, Lake City & Eastern Rd. Co. *v.* Davenport.

Opinion delivered March 11, 1918.

1. Justice courts—jurisdiction—action ex contractu.—A passenger on a railway train upon arriving at his destination requested the station agent to hold certain baggage for him for several days. This the agent undertook to do, but when the passenger applied for the baggage, the same was lost. *Held*, the relationship between the parties was contractual, and that a justice court had jurisdiction to entertain an action for damages resulting from the loss.

2. Carriers—baggage loss—liability as warehouseman.—When a passenger delivers baggage to a carrier, at his destination, for temporary safekeeping, the carrier's liability changes to that of a warehouseman.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. J. Driver,* Judge; affirmed.

*Coleman, Lewis & Cunningham,* for appellant.

1. The justice had no jurisdiction, and the circuit court acquired none on appeal. 47 Ark. 59; 41 *Id.* 476; 66 *Id.* 346; 114 *Id.* 309; 44 *Id.* 100; 45 *Id.* 346.

2. Defendant was liable only as a warehouseman. 63 Ark. 344; 97 *Id.* 287; 6 Cyc. 456, n. 50, 673, n. 70. Negligence must be shown. 63 Ark. 355; 97 *Id.* 290; 42 *Id.* 200. None was shown.

3. The judgment is in conflict with the special findings. Kirby's Dig., § 6208; 84 Ark. 363.

*G. W. Barham* and *E. E. Alexander,* for appellee.

1. The court had jurisdiction. 41 Ark. 476; 66 *Id.* 276.

2. The judgment is right and is sustained by the evidence.

STATEMENT OF FACTS.

The appellee checked two pieces of baggage from Manila, Arkansas, to Jonesboro, Arkansas, over appellant's line of railroad. Appellee went to Jonesboro on the same train with the baggage. When appellee arrived at Jonesboro on Saturday morning it was raining and appellee

asked the baggage agent to permit his baggage to remain in the station until the following Monday morning.

On Monday morning the appellee purchased a ticket from Jonesboro to Manila, surrendered the checks that he had and the baggage agent gave him two other checks, one of the checks calling for the transportation of the appellee's suitcase from Jonesboro to Manila. When appellee reached Manila the suitcase was not delivered to him and had not been delivered to him. The value of the suitcase and its contents was $98.25.

Appellee was earning $3.50 a day, and he remained in Jonesboro for four or five weeks on account of not receiving his baggage. Appellee was claiming damages for his loss of time and also for three days' hotel bill at Manila. The total amount of the damages claimed by the appellee was $148.25. The action was brought by the appellee in the justice of peace court. The appellee filed a written complaint in which he set up and proved substantially the above facts. The appellant answered orally, denied all the allegations of the complaint; objected to the jurisdiction of the court, and pleaded that it became a warehouseman on appellee's request to it to be permitted to store his baggage from Saturday until Monday morning.

The appellant's station agent at Jonesboro testified substantially to the same facts as the appellee. He stated that "our records show that the baggage came into Jonesboro depot from Manila on Saturday preceding the time appellee checked it back to Manila." When appellee arrived at Jonesboro from Manila he asked the witness if it would be all right for him to leave his baggage there a day or two. He left it, came back in a day or two, bought a ticket, surrendered his claim checks and witness issued him two new checks. Witness searched the baggage room and then examined the baggage record. The record showed that the baggage came in on train No. 3 on Saturday and never went out. It was not in the baggage room when witness went to search for it.

The cause was tried before the court sitting as a jury. The appellant asked the court to make the following declaration of facts:

"The defendant has not shown the degree of care required of the warehouseman." The court refused to make the declaration, but the court then declared the law in substance as follows: "When appellee requested defendant's agent to place the baggage in the depot and keep it, from the time it arrived Saturday morning until Monday morning, the defendant's liability changed from that of a common carrier to that of a warehouseman.

"A warehouseman is not an insurer. He is only bound to ordinary and reasonable care of the commodity entrusted to him, and is not liable for its loss, unless it was occasioned by his own negligence. In order to hold the defendant liable for the loss of the suitcase, it was necessary to show that its negligence contributed to the loss."

The court had its judgment recite as follows: "The court having heard the testimony and argument of counsel doth find that defendant negligently failed to exercise that degree of care required of it and the plaintiff ought to recover for that sum."

On the motion for a new trial appellant set up that the verdict was contrary to the law and the evidence.

WOOD, J., (after stating the facts). 1. Appellant raises here the issue as to the jurisdiction of the court. Justices of the peace have "concurrent jurisdiction in the circuit court in matters of contract where the amount in controversy does not exceed the sum of $300, exclusive of the interest." Art. 7, § 40, Constitution. The facts alleged in the appellee's complaint were sufficient to state a cause of action *ex contractu*. The relationship between the appellee and appellant with reference to the baggage was contractual. But even if the complaint were in form *ex delicto*, it stated a cause of action for the negligent breach of a contract and was sufficient to give the justice

jurisdiction. *St. L., I. M. & S. Ry. Co.* v. *Heath,* 41 Ark. 476. See also *Fordyce* v. *Nix,* 58 Ark. 136.

2. The undisputed evidence shows that the appellant agreed with the appellee to permit his baggage to remain in the depot from Saturday until Monday. When the baggage was placed in appellant's depot at appellee's request the appellant's status changed from that of carrier to that of warehouseman. *Kansas City Southern Ry. Co.* v. *Thomas,* 97 Ark. 287.

In *Yazoo & M. V. R. R. Co.* v. *Altman,* we held that, "The nondelivery of the goods upon demand, in the absence of any explanation of their loss by fire, or theft, or in any other manner consistent with the exercise of ordinary care over them, made a *prima facie* case against appellant company." 129 Ark. 358, 196 S. W. 122.

Under the authority of the above case the testimony warranted the court in finding, as recited in the judgment, that the appellant "negligently failed to exercise that degree of care required of it."

3. Appellant contends that the court erred in not making the declaration of facts requested by it. But this refusal of the court was not made a ground of the motion for a new trial. Besides the court found in its judgment that the defendant negligently failed to exercise that degree of care required of it, which finding was equivalent to making the declaration of fact as requested by the appellant.

Judgment affirmed.