HARRIS *v.* HARE.

Opinion delivered February 16, 1931.

*Richardson & Richardson,* for appellant.

*W. P. Smith,* for appellee.

McHANEY, J.  Appellant sued appellee in the court of a justice of the peace for $300 damages for breach of contract of bailment, where there was a judgment for appellant.  Appellee appealed to the circuit court, where a trial was had *de novo* which resulted in an instructed verdict for appellee, on the ground that the effect of the suit was one for tort, seeking to recover damages for negligent driving of appellant's automobile, in a sum in excess of the jurisdiction of the justice.  The complaint alleged: ''That on date of August 29, 1930, while the plaintiff and defendant were in the city of Jonesboro, Arkansas, and while the plaintiff had his car parked on a street in said city, the defendant borrowed the possession of the said car from the plaintiff for the purpose of taking a joy ride in and about the said city; and pursuant to the said agreement plaintiff loaned the said car to the defendant for the aforesaid purpose, and the plaintiff delivered unto defendant the ignition key to said car; that the defendant assured and promised plaintiff that

he would handle said car safely and carefully, and return same to plaintiff in the same condition that it was at that time, and, relying on said promise and assurance of defendant, the plaintiff delivered the possession of the said car to the defendant; that the defendant invited several of his friends and persuaded the plaintiff to accompany him on the said joy ride, all of which they did, and after driving for a while in said city, the defendant drove same out on a road leading out of Jonesboro; and that while doing so, defendant increased the speed of said car to a high, dangerous and excessive rate of speed, and over the protest of the plaintiff and the other occupants of the car, and while driving same at a high, dangerous and excessive rate of speed, the defendant drove same off the road into a ditch, and wrecked same, thereby totally demolishing same; that defendant breached his contract of bailment, in that he did not safely and carefully handle said car, and return same to plaintiff in the condition that it was in prior to the wrecking of same, at which time it was worth the sum of $500, and that, after same was wrecked, it is worth only the sum of $200 or less, and that it will take $300 worth of repairs and labor to repair same.''

The evidence is to the effect that appellant loaned appellee his car, and that he and others went on a joyride with appellee who carelessly and negligently wrecked the car; that the car was to be returned in good condition; and that appellee failed to do so by wrecking it. Is this a suit on contract? If so, the justice had jurisdiction. Or is it simply a suit for damages to personal property? If so, the justice did not have jurisdiction, and the circuit court did not acquire same on appeal. Section 40, art. 7, Constitution, 1874; § 6397, Crawford & Moses' Digest. We are of the opinion that the effect of the suit as shown by the evidence adduced on the trial, is for a tort, that is for the damage done to the car. The only contract appellant alleged or proved was for the loan of his car, to be returned in good condition. There was no contract for

appellee to pay him a certain sum of money, $300 for instance, in the event he failed to do so. If appellee, instead of wrecking the car after borrowing it, had converted it to his own use by selling it to another as his property, his action in so doing would have been a tort. It was so held in *Storm* v. *Montgomery,* 79 Ark. 172, 95 S. W. 119, which was a suit by a landlord against a tenant in which it was alleged that the tenant had abandoned the leased premises and sold the buildings thereon as trade fixtures and sought a recovery therefor based on the lease contract. This court there said: ''This therefore must be considered as a suit for the conversion of property. As the amount claimed exceeds the sum of $100, the justice of the peace was without jurisdiction, and the circuit court acquired none.''

The suit therefore is simply one for damages to personal property in which the amount claimed is in excess of the jurisdiction of the justice. The justice having no jurisdiction, the circuit court acquired none on appeal and properly directed a verdict against appellant. *Little Rock & M. R. Co.* v. *Manees,* 44 Ark. 100; *Thompson* v. *Willard,* 66 Ark. 346, 50 S. W. 870, and cases cited under § 6397, Crawford & Moses' Digest.

Affirmed.